IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURTIS BRANDON,           )
                          )
        Plaintiff,        )
                          )
    v.                    )    Case No. 1:16-cv-177
RAYMOND BURKHART, et al., )
                          )
        Defendants.       )

## MEMORANDUM ORDER

Presently pending before the Court are Plaintiff's objections to the Magistrate Judge's November 20, 2019 ruling in this case. ECF Nos. 108, 114. Because the disputed ruling is neither erroneous nor contrary to law, the undersigned will affirm the Magistrate Judge's November 20, 2019 Order.

### I.   Background

Plaintiff Curtis Brandon is an inmate currently housed at the State Correctional Institution at Forest ("SCI-Forest"). In this *pro se* civil rights action, Plaintiff contends that his federal constitutional rights were violated by various employees of the Pennsylvania Department of Corrections and/or by individuals otherwise affiliated with SCI-Forest. According to the docket, the remaining Defendants at this juncture include Lieutenant Raymond Burkhart, Daniel Pack, Gregory Chiles, Laura Blake, William D. Cole, Brenda Haupt, Gina Martini, S.W. Stoddard, E. Jackson, "Schleicher," Jacob R. Beach, Jannette M. Towner, Sharon Price, Sarah Siegel, A. Kot, Robin M. Lewis, and Keri Moore.

In the course of these proceedings, Plaintiff alleged that two corrections officials misappropriated certain documents from his cell that are necessary in order for him to prosecute this action. In correspondence to defense counsel dated October 9, 2019, Plaintiff identified the

1

missing documents. They include: (a) written discovery requests propounded by Plaintiff upon the Defendants; (b) 106 legal decisions that Plaintiff copied from the law library in support of his claims; and (c) various grievances that Plaintiff filed through the prison grievance system between July 15, 2014 and 2017, along with the prison administration's responses. Discouraged by the loss of these materials, Plaintiff sought a court order that would require the Defendants to provide him copies of the missing documents.

By text order entered on October 29, 2019, U.S. Magistrate Judge Richard A. Lanzillo denied Plaintiff's request. ECF No. 107. As to the first group of documents, Judge Lanzillo noted that defense counsel had already provided additional copies of the Defendants' responses to the missing discovery, and those responses incorporated the Plaintiff's original interrogatories and requests for production of documents. As to the second group of documents, the Magistrate Judge ruled that Plaintiff could consult and copy case law and other relevant legal authority from the resources provided in the prison law library. Judge Lanzillo declined to impose any obligation on defense counsel to reproduce the missing legal decisions, given Plaintiff's inability to show that any of the named Defendants had played a role in their loss or confiscation. As to the third group of documents, the Magistrate Judge instructed Plaintiff to request copies of the missing grievances (and related responses) through the normal prison process. Judge Lanzillo declined to impose any obligation on the Defendants to reproduce these materials absent evidence that Defendants had been responsible in some way for their loss. To the extent that Plaintiff believed he was prejudiced by the loss of the foregoing materials, Judge Lanzillo indicated that he would address such prejudice, upon motion, through appropriate extensions of time for Plaintiff to respond to any motions or other submissions made by the Defendants, "provided that Plaintiff identifies with reasonable specificity how particular missing documents

2

are necessary to prepare his response or other submission." ECF No. 107. Judge Lanzillo clarified that his ruling was "without prejudice to Plaintiff's right to pursue appropriate administrative or other remedies that may be available against prison personnel who he believes were involved in the confiscation of his property." *Id.*

Plaintiff subsequently filed a motion seeking reconsideration of the Magistrate Judge's October 29, 2019 text order. ECF No. 106. Therein, Plaintiff alleged that "guards 'B. Long' and 'K. Mohney'" confiscated the materials in question. *Id.* Although Plaintiff acknowledged that he could not identify the persons responsible for directing the actions of those officers, Plaintiff argued that it was fair to infer responsibility on the part of the remaining Defendants, since the confiscated materials related specifically to Plaintiff's claims against those individuals. *Id.*

The Magistrate Judge denied Plaintiff's motion for reconsideration by Order entered on November 20 2019. ECF No. 108. To the extent that Plaintiff was alleging actionable conduct on the part of officers "B. Long" and "K. Mohney," Judge Lanzillo noted that it was incumbent upon Plaintiff to pursue his allegations through the appropriate grievance process and/or through a separate lawsuit. *Id.* Plaintiff subsequently filed objections to the Magistrate Judge's November 20, 2019 Order, which objections are now pending before the undersigned. ECF No. 114.

## II. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine most non-dispositive pretrial matters. A district judge may reconsider these determinations if the decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992). *See also* Fed. R. Civ. P. 72(a) (parties may file objections to a magistrate judge's ruling on a non-dispositive matter within 14 days after being served with the

3

ruling; the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); LCvR 72(c)(2) (stating that, upon review of a non-dispositive ruling, "[t]he District Judge assigned to the case shall consider the objections and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law").

A finding is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, N.C., 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A magistrate judge's order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). Relevantly,

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*HSI, Inc. v. 48 States Transp., LLC*, No. 4:19-CV-352, 2020 WL 32333, at *2 (M.D. Pa. Jan. 2, 2020) (quoting *Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010)) (alterations and ellipsis in the original). In accordance with the foregoing standard, Judge

4

Lanzillo's decision in this matter may be set aside only if it constitutes an abuse of his considerable discretion.

Here, after careful review of Plaintiff's objections, ECF No. [114], this Court discerns no error in Judge Lanzillo's determination that neither defense counsel nor Defendants should be compelled to provide copies of the documents that Plaintiff claims were improperly confiscated from his cell. Accordingly, because the Magistrate Judge did not abuse his broad discretion, and because his ruling was neither clearly erroneous nor contrary to law,

IT IS HEREBY ORDERED, this 7th day of January, 2020, that Plaintiff's objections are OVERRULED and the Order entered by Magistrate Judge Richard A. Lanzillo on November 20, 2019, ECF No. [108], is AFFIRMED.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm: Curtis Brandon
DV-2954
SCI Forest
P.O. Box 945
Marienville, PA 16239
(via U.S. mail, First Class)

Counsel of Record
United States Magistrate Judge Richard A. Lanzillo
(via CM/ECF)

5