IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CURTIS BRANDON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:16-cv-177 |
| **RAYMOND BURKHART, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM ORDER

The instant prisoner civil rights action was received by the Clerk of Court on July 12, 2016 and referred to the undersigned, then a United States Magistrate Judge, for report and recommendation ("R&R"), in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Civil Rules of this Court.

On August 23, 2017, Plaintiff filed his Second Amended Complaint, the operative pleading in this case. ECF No. 44. Therein, Plaintiff asserted a number of claims under 42 U.S.C. §1983 against various corrections officials. Plaintiff's §1983 claims are predicated upon, among other things, alleged acts of retaliation, denial of access to the courts, and destruction of his personal property.

On September 14, 2018, the undersigned was sworn in as a United States District Judge. The case was subsequently transferred to the undersigned as presiding judge and referred to United States Magistrate Judge Richard A. Lanzillo for all pretrial proceedings.

On February 26, 2020, Judge Lanzillo issued an R&R recommending that the Plaintiff's claims against Defendants William D. Cole, A. Kot, Keri Moore, Brenda Haupt, Gina Martini, E. Jackson, and Janet M. Towner be dismissed as legally frivolous in accordance with 28 U.S.C. §1915A. ECF No. 133. As to Moore, Haupt, and Martini, Judge Lanzillo recommended

1

dismissal based upon the Defendants' lack of personal involvement in the alleged wrongdoing, since these officials were being sued solely on the basis of their involvement in the prison's grievance process.  Judge Lanzillo similarly recommended that Cole and Kot be dismissed for lack of personal involvement, because the allegations against Cole were based solely upon his role and decisions as a member of the Program Review Committee, while the allegations against Kot concerned only his role and decisions as a hearing officer.  Judge Lanzillo recommended dismissal of the retaliation claim against Towner, a mailroom staff member, because the averments in the Second Amended Complaint failed to identify the underlying protected conduct or establish a plausible connection to Towner's actions.  Moreover, Judge Lanzillo opined that the alleged retaliatory conduct -- "fraudulent" overcharges for the mailing of packages -- were too de minimis to deter a reasonable inmate from engaging in constitutionally protected activity.  Finally, as to Jackson, Judge Lanzillo noted that the allegations in the SAC concerned his alleged issuance of a false misconduct report.  Judge Lanzillo recommended dismissal of this claim on the grounds that the issuance of an allegedly false misconduct alone does not violate either the Eighth or Fourteen Amendment and is not actionable under 42 U.S.C. §1983.

Plaintiff filed objections to the R&R on March 16, 2020. ECF No. 141.  Upon review of this filing, the undersigned finds that no substantial objections have been raised relative to the Magistrate Judge's recommendations as they relate to the claims against Moore or Haupt.  With respect to the claim against Martini, Plaintiff argues that he has pled her personal involvement through conspiratorial conduct vis-a-vis other prison officials; however, Plaintiff's objections show that he has pled only conclusory averments of a conspiracy, which is not enough to satisfy federal pleading standards. *See Jackson v. Schouppe,* No. 17-CV-1135, 2018 WL 3361270, at *2 (W.D. Pa. July 10, 2018)  (dismissing §1983 conspiracy claim where plaintiff "ha[d] not alleged

2

any facts showing communication, cooperation, or command among any Defendants from which an agreement could be inferred," and finding that plaintiff's "vague and conclusory allegations of a conspiracy fail to satisfy the pleadings requirements of *Twombly and Iqbal*"); *Chinniah v. E. Pennsboro Twp.*, No. 1:15-CV-02240, 2016 WL 5799048, at *12 (M.D. Pa. Aug. 10, 2016), *report and recommendation adopted*, No. 1:15-CV-02240, 2016 WL 5719830 (M.D. Pa. Sept. 30, 2016) ("A plaintiff must make specific factual allegations of combination or understanding among all, or any, of the defendants to plot, plan or conspire to carry out the alleged chain of events. Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient.") (citation omitted).

With respect to Defendants Cole and Kot, Plaintiff argues only that Cole "knew the misconduct report was false" because the alleged pornography that served as the basis for the misconduct was not produced at Plaintiff's hearing, and Kot never took Plaintiff's written version of the events at the misconduct hearing. ECF No. 141 at 5. Plaintiff adds, with respect to Kot, that Kot accepted the unsworn report of Jackson and failed to apply the preponderance of the evidence standard at the misconduct hearing. Plaintiff claims he was "arbitrarily sentenced" to fifteen days of cell restriction "with no evidence of guilt." Id. at 6. However, the imposition of cell restriction does not involve the type of deprivation that implicates a constitutionally protected liberty interest as to which due process protection applies. *See, e.g., Smith v. Mensinger,* 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven (7) months of disciplinary confinement did not implicate prisoner's constitutionally protected liberty interests); *Aulisio v. Chiampi*, No. 4:CV-14-196, 2015 WL 926151, at *5 (M.D. Pa. Mar. 4, 2015) (imposition of fifteen (15) days of cell restriction and loss of institutional employment were not of such magnitude as to

implicate a protected liberty interest).  Plaintiff's reliance on *Young v. Kann*, 926 F.2d 1396 (3d Cir. 1991), is therefore inapposite, as that case involved the loss of statutory good time credit -- a penalty that *does* implicate a prisoner's constitutionally protected liberty interests.

With regard to Defendant Towner, Plaintiff acknowledges that he has attempted to plead a First Amendment retaliation claim.  He goes on to argue that Judge Lanzillo "overlooked that part of this case is about Defendant Burkhart destroying all of plaintiff's legal materials," but it is not clear how this supports the existence of a plausible First Amendment claim against Towner.  Plaintiff also takes issue with Judge Lanzillo's "de minimis" analysis by arguing that "[t]here is no 'de minimis' language within the Fourteenth Amendment," and "money is property."  ECF No. 141 at 8.  Plaintiff's reliance on Fourteenth Amendment principles is inapposite, however, in the context of a First Amendment claim.

With respect to Defendant Jackson, the gravamen of Plaintiff's complaint is that Jackson violated his due process rights by issuing a false misconduct report for the alleged possession of pornography.  Plaintiff objects that Judge Lanzillo "overlooked the fact that Defendant Kot had found Plaintiff guilty from Defendant Jackson's false misconduct report," as the alleged fourteen pages of pornography were not produced at Plaintiff's misconduct hearing, resulting in the sentence of fifteen days' cell restriction.  ECF No. 141 at 9.  Again, the deprivation that Plaintiff suffered from fifteen days' cell restriction did not implicate a constitutionally protected liberty interest.  *See Smith, Aulisio, supra*.  As discussed, Plaintiff's reliance on *Young v. Kann*, *supra,* is unavailing because that case involved the deprivation of a prisoner's good time credit, which implicated a constitutionally protected liberty interest.  Plaintiff also relies upon *Brooks v. Andolina*, 826 F.2d 1266 (3d Cir. 1987), wherein the U.S. Court of Appeals for the Third Circuit ruled that the prisoner's First Amendment rights were violated when he was charged with a false

4

misconduct report and sentenced to thirty days' segregation in retaliation for his prior communications with the NAACP.  However, these First Amendment principles are inapposite in the context of an alleged due process violation.  Moreover, to the extent the *Brooks* Court found due process violations based upon the prison officials' refusal to allow the plaintiff/prisoner to call witnesses at his disciplinary proceeding, the vitality of the court's ruling is in question, since it predates the Supreme Court's ruling in *Sandin v. Conner*, 515 U.S. 472 (1995).  In *Sandin,* 515 U.S. 472 (1995), the Supreme Court held that, for prisoners, constitutionally protected liberty interests are implicated -- and procedural due process protections apply -- only when a prisoner is subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id*. at 484.  Because Plaintiff's disciplinary sentence of fifteen days' cell restriction did not implicate his constitutionally protected liberty interests, no plausible due process violation has been pled in this case.

   In sum, having fully reviewed and considered the Plaintiff's objections, the Court finds them to be lacking in merit.  Accordingly, after *de novo* review of the complaint and documents in the case, together with the report and recommendation and Plaintiffs' objections thereto, the following order is entered:

   AND NOW, this 8th day of October, 2020;

   IT IS ORDERED that, in accordance with 28 U.S.C. §1915A, Plaintiff's claims under 42 U.S.C. §1983 against Defendants William D. Cole, A. Kot, Keri Moore, Brenda Haupt, Gina Martini, E. Jackson, and Janet M. Towner shall be, and hereby are, DISMISSED with prejudice as legally frivolous.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on March 16, 2020, ECF No. [133], is adopted as the opinion of the Court, and Plaintiffs' objections thereto [141] are OVERRULED.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge

cm:   Curtis Brandon
      DV-2954
      SCI Forest
      P.O. Box 945
      Marienville, PA 16239
      (via U.S. mail, First Class)

      Counsel of Record
      United States Magistrate Judge Richard A. Lanzillo
      (via CM/ECF)