IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURTIS BRANDON,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        Case No. 1:16-cv-177
                                   )
RAYMOND BURKHART, et al.,          )
                                   )
            Defendants.            )

## MEMORANDUM ORDER

Plaintiff Curtis Brandon filed this civil action in 2016, alleging that various officials affiliated with the State Correctional Institution at Forest ("SCI-Forest") violated his civil rights during the course of his confinement. Protracted pretrial proceedings ensued, during which time Plaintiff amended his complaint twice, ultimately naming some thirty individuals as Defendants and directing a plethora of constitutional claims against them.  ECF No. 44.

On March 12, 2020, the Defendants filed a motion for summary judgment on the remaining claims set forth in Plaintiff's Second Amended Complaint.  *See* ECF Nos. 137; *see also* ECF Nos. 138-140.  After a lengthy stay of proceedings, Plaintiff filed his opposition to the Defendants' motion on October 26, 2020. ECF No. 180.

On November 16, 2020, United States Magistrate Judge Richard A. Lanzillo filed a Report and Recommendation ("R&R"), opining that the motion for summary judgment should be granted.  Plaintiff then sought and obtained numerous extensions of time for the purpose of filing objections to the Magistrate Judge's R&R.  *See* ECF Nos. 184, 188, 191, 196.  Ultimately, on July 22, 2021, this Court denied Plaintiff's motion for an additional extension of time.  ECF Nos. 204, 201.  Subsequently, on August 12, 2021, the undersigned granted the Defendants' Rule

56 motion and entered judgment in their favor, adopting Judge Lanzillo's R&R as its opinion. ECF Nos. 207-208, 181.

Currently pending is Plaintiff's motion for reconsideration of the Court's August 12, 2021 ruling. ECF No. 210.  Plaintiff's motion, asserted under Federal Rule of Civil Procedure 60(b)(6), concerns the following claims:

1.  A conspiracy claim against Defendant Siegel;

2.  A claim of retaliation against Defendant Burkhart based on Burkhart's purported destruction of Plaintiff's legal property;

3.  A retaliation claim against Defendant Blake stemming from Blake's alleged issuance of a false misconduct charge after Brandon submitted a grievance about the confiscation of his legal property;

4.  An access-to-courts claim against Defendant Burkhart based on Burkhart's alleged confiscation of Plaintiff's legal property;

5.  A retaliation claim brought against Defendants Stoddard and Chiles;

6.  A due process claim against Defendant Schleicher concerning the confiscation of Plaintiff's television; and

7.  A due process claim against Defendants Price and Beach regarding the alleged destruction of Plaintiff's 1099 dividend forms.

*Id.*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances...." *Atkinson v. Middlesex Cnty.*, 610 F. App'x 109, 112 (3d Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).  Those circumstances are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no long equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see Zahl v. Harper*, 403 F. App'x 729, 734 (3d Cir. 2010). "The movant under Rule 60(b) 'bears a heavy burden.'" *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (quoting *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967)).

Here, Plaintiff seeks relief under Rule 60(b)(6), the catch-all provision, which "may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002).  To obtain relief under Rule 60(b)(6), a movant must show "'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur' such that his case should be reopened." *Vance v. McGinley*, No. 21-3029, 2022 WL 1238352, at *1 (3d Cir. Apr. 27, 2022) (quoting *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014)).  A motion pursuant to Rule 60(b) "may not be used as a second bite at the apple" or to "relitigate a point of disagreement between the Court and the litigant." *United States v. Fausnaught*, Case No. 3:03-CR-32, 2018 WL 1911247, at *3 (M.D. Pa. Apr. 20, 2018).

Here, the Court perceives no grounds warranting relief under Rule 60(b)(6).  In his motion, Plaintiff challenges the Magistrate Judge's analysis of his access-to-courts claim, reiterating his theory that Burkhart's destruction of his "core" legal materials prevented him from successfully litigating collateral proceedings in state and federal court[1] as well as various civil matters that are unrelated to his underlying sentence or conditions of confinement (such as his intent to sue two investment firms and the executor of his mother's estate).  Plaintiff faults the Magistrate Judge's analysis of his conspiracy claim against Siegel, arguing that he adduced

---

[1] Plaintiff contends, among other things, that neither Defendants nor the Magistrate Judge addressed his access-to-courts claim arising from his inability to prosecute a state court PCRA claim.  However, the allegations giving rise to this claim are buried in a lengthy pleading wherein Plaintiff asserted dozens of claims against some thirty individuals. Plaintiff does not indicate where, in the summary judgment record, he argued and preserved this particular claim. Notably, he also failed to file timely objections to the Report and Recommendation, despite the Court's generous extension of the objections deadline.

adequate circumstantial evidence of Defendant Siegel's conspiratorial intent.  He challenges the Magistrate Judge's assessment that the evidence did not support his retaliation claims against Defendants Burkhart, Stoddard, Chiles, or Blake.  Plaintiff further contends that the Magistrate Judge mischaracterized the nature of his due process claim against Defendant Schleicher, and he insists that the prison's grievance process does not provide a meaningful post-deprivation remedy.  Plaintiff also takes issue with the Court's allowance of post-discovery motions practice under Rule 56.  Finally, he claims this Court failed to notify him of his appellate rights.  Having fully reviewed and considered Plaintiff's arguments, the Court is not persuaded that he has shown the type of "extraordinary circumstances" or potentially "extreme and unexpected hardship" as would justify a reopening of this case.

To the extent Plaintiff seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure, his arguments fare no better. The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  A motion for reconsideration should be granted "sparingly," and "is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Consequently, like motions under Rule 60(b)(6), motions for reconsideration under Rule 59(e) should not be used to relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment.

*Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Although Plaintiff does not expressly invoke Rule 59(e), his motion suggests that he believes the Magistrate Judge made factual and/or legal errors in the R&R which this Court adopted. Again, after careful review of Plaintiff's motion, the undersigned finds neither clear error in the Court's analysis nor any basis for concluding that the Court's judgment will result in manifest injustice if not revisited. Indeed, many of Plaintiff's arguments in favor of reconsideration raise the same points previously considered by the Magistrate Judge and by Court in its adoption of the R&R. Requests for a "second bite of the apple" are not an appropriate basis for relief on a motion for reconsideration. *See, e.g., Boone v. Daughtery*, No. 12-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) ("Motions for reconsideration are not designed to provide litigants with a second bite at the apple.") (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). Accordingly, relief under Rule 59(e) is not warranted in this case.

Based upon the foregoing reasons, IT IS ORDERED this 26th day of September, 2022, that Plaintiff's motion for reconsideration, ECF No. [210], shall be, and hereby is, DENIED.

SUSAN PARADISE BAXTER
United States District Judge